**BOWMAN DAIRY COMPANY,**
Plaintiff,

v.

**HEDLIN DAIRY COMPANY,**
Defendant.

No. 54 C 646.

United States District Court,
N. D. Illinois, E. D.

Dec. 21, 1954.

L. Edward Hart, Jr., Montgomery, Hart, Pritchard & Herriot, Chicago, Ill., for plaintiff.

Edward H. Hatton and Kenneth J. Burns, Jr., Johnston, Thompson, Raymond & Mayer, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is a suit for injunctive relief, brought under the provisions of Sections 2(a), 2(d), 2(e) and 16 of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. §§ 13(a), 13(d), 13(e), and 26. The complaint alleges, in substance, that the defendant has secured the business of the plaintiff's customers by offers of discriminatory prices or discounts, gifts of merchandise or equipment, and interest-free loans. The defendant has moved for summary judgment on the ground that none of these alleged practices occurred in interstate commerce.

The case of Moore v. Mead's Fine Bread Company, 75 S.Ct. 148, 150, decided by the Supreme Court on December 6, 1954, dictates that defendant's motion be denied. In the Moore case, the plaintiff's activities were completely intrastate in character: he assembled his raw materials in New Mexico, manufactured his product in New Mexico, and sold to his customers in New Mexico. On the other

hand, the defendant's activities reached into the neighboring State of Texas. There was a vigorous price war between the two, and, as a result, the plaintiff was forced to close his business. The Supreme Court held that the plaintiff, the "purely local competitor," might maintain an action against the defendant under the provisions of the Clayton Act, saying

"We have here an interstate industry increasing its domain through outlawed competitive practices. The victim, to be sure, is only a local merchant; and no interstate transactions are used to destroy him. But the beneficiary is an interstate business; the treasury used to finance the warfare is drawn from interstate, as well as local, sources which include not only the respondent but also a group of inter-locked companies engaged in the same line of business; and the prices on the interstate sales, both by respondent and by the other Mead companies, are kept high while the local prices are lowered. If this method of competition were approved, the pattern for growth of monopoly would be simple."

True, the facts of this case present the converse of the Moore situation: if all issues presented by the motion for summary judgment were resolved in defendant's favor, this suit would be one brought against a dairy which does not sell its product in interstate commerce. Since the affidavits filed in support of the motion do not refer to the plaintiff's activities, the court assumes that the plaintiff's product is sold in interstate commerce. Under the Moore decision, therefore, the plaintiff would be amenable to suit filed by the defendant under the Clayton Act; and, in the opinion of the court, the plaintiff must be accorded a corresponding right to file suit in its own behalf under the Act. In this respect, it is well to note the words of Congressman Utterback, manager of the Robinson-Patman Act in the House, quoted by Mr. Justice Douglas in the Moore case:

" 'Where, however, a manufacturer sells to customers both within the State and beyond the State, he may not favor either to the disadvantage of the other; he may not use the privilege of interstate commerce to the injury of his local trade, nor may he favor his local trade to the injury of his interstate trade. The Federal power to regulate interstate commerce is the power both to limit its employment to the injury of business within the State, and *to protect interstate commerce itself from injury by influences within the State.*' 80 Cong. Rec. 9417." (Emphasis supplied.)

Those words certainly lend much support to the maintenance of suits such as the one at bar.

It is the considered opinion of the court that the plaintiff need not demonstrate that the defendant's activities are in interstate commerce, and, for that reason, that the court need not resolve any issue of fact or law which might have been raised by the pending motion.

The defendant's motion for summary judgment is denied.